UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BONNIE TUTTLE, a married woman,

    Plaintiff,

    v.

STANDARD INSURANCE COMPANY, an Oregon corporation, and O BEE CREDIT UNION LONG TERM DISABILITY INSURANCE PLAN, an employee welfare benefit plan,

    Defendant.

Case No. C05-5271FDB

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR COSTS

This matter is before the court for consideration of the motion to compel discovery and for costs filed by Plaintiff Bonnie Tuttle. Having considered the motion, response of Defendant Standard Insurance Company ("Standard"), and balance of the record, the court finds, for the reasons set forth below, that Plaintiff's motion should be denied.

I.

Plaintiff's complaint is based on a claim for benefits under a plan governed by the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§ 1001-1461 (ERISA). The

ORDER - 1

ERISA plan grants discretionary authority to Standard, as the claims administrator.

Discovery produced by Standard to date includes the claim file, which constitutes the entire administrative record on Plaintiff's claim for benefits. In addition, Stanard provided resumes for three physician consultants whose reports were within the administrative record and a copy of the summary plan description. Plaintiff subsequently served requests for production and interrogatories upon Standard, seeking information outside of the administrative record. Included are requests for information relating to Standard's quality assurance unit, compensation information for Standard's employees and statistical information of reversals or revisions to initial decisions on claims. Plaintiff contends that the evidence she seeks is relevant, discoverable and admissible to "establish whether Standard breached its fiduciary responsibilities in handling [her] claim - in order to properly establish the Court's standard of review."

Plaintiff urges the court to adopt one of two approaches. The first approach, Plaintiff argues, would allow the discovery she seeks as a matter of right. Plaintiff relies on <u>Medford v. Metropolitan Life Ins. Co.</u>, 244 F.Supp. 2d. 1120, 1128 (D. Nev. 2003). This Court has previously rejected the reasoning in <u>Medford</u> and declined to adopt this approach. *See*, <u>Leeson v. Transamerica Disability Income Plan</u>, Case No. C04-471RSM (W.D. Wash. Jan. 3, 2005) (Order on Motions for a Protective Order, p. 4). The second approach would allow the discovery Plaintiff seeks after a threshold showing of bias or fiduciary breach. Plaintiff contends that she has met this threshold and points to prior cases where Standard was guilty of "serious irregularities in the so-called 'independent review process'" of Standard's quality assurance unit, and deposition testimony in other cases indicating that Standard's review process is "nothing more than a rubber-stamp" of benefit denials. Plaintiff also claims that there is evidence in the administrative record that the consulting physicians who reviewed her claim on Standard's behalf were biased.

ORDER - 2

II.

The parties agree that an apparent conflict exists given Standard's dual role as funding source and plan administrator. The mere presence of an apparent conflict, however, does not heighten the standard of review. Bendixen v. Standard Insurance Company, 185 F.3d 939, 943 (9th Cir. 1999). Only serious conflicts of interest heighten the scrutiny. Id. To establish a serious conflict, the plaintiff must produce "material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self interest caused a breach of the administrator's fiduciary obligations to the beneficiary. Atwood v. Newmont Gold Company, Inc., 45 F.3d 1317, 1323 (9th Cir. 1995). This court has previously held that discovery beyond the administrative record is not a matter of right, but is available only if the plaintiff can point to evidence in the record suggesting an actual conflict of interest. Leeson, Order at p. 4. Judge Martinez found vague and speculative statements that the plan administrators may have acted in their own interest to be insufficient. Noting the "short list" of the type of evidence a beneficiary may provide to make a *prima facie* showing of an administrator's breach of fiduciary duty, Judge Martinez concluded that these are matters which would appear in the administrative record itself. Id. (*citing* Newman, 997 F.Supp. at 1281).

Plaintiff alleges Standard breached its duty of good faith by failing to reasonably investigate her claim in that Standard failed to interview Plaintiff and certain healthcare providers. These are matters which would appear in the administrative record itself, so Plaintiff has no need for discovery beyond the record. Plaintiff's broad and speculative interpretation of medical reports and rulings in unrelated cases is insufficient. Plaintiff must provide a factual basis from the record to support a claim of irregularities in Standard's decision-making process involving her claim. In addition, the discovery sought by Plaintiff – claims manuals, compensation rates, reversal rates – is not relevant to a claim of bias by the independent physician consultant. If the plan administrator provided inconsistent, incomplete or unsupported reasons for denying benefits, the evidence to support that

ORDER - 3

1  behavior may be found in the administrative record.

2  ACCORDINGLY,

3  IT IS ORDERED:

4  (1) Plaintiff's motion to compel discovery and for costs (Dkt.#17) is **DENIED**.

6  DATED this <u>28th</u> day of March, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4